MARY F. DALY, Appellant, *v.* THE ALEXANDER SMITH AND SONS CARPET COMPANY, Respondent.

*Risks incident to an employment — wires flying from a carpet loom.*

The rule that an employee assumes the risks incident to his employment applies to the case of a carpet-weaver, injured by a wire flying out of a loom while being used by him, where the proof shows that such wires are liable, in spite of the greatest care, to fly loose instantaneously, and that it was the weaver's duty to watch the wires, and, if one broke, to stop the loom and insert another wire, for which purpose spare wires were prepared, where there is no proof that the wires in use were not good

APPEAL by the plaintiff, Mary F. Daly, from a judgment of the Supreme Court, entered in the office of the clerk of Westchester county on the 25th day of November, 1892, upon a dismissal of the complaint upon the merits at the close of the plaintiff's case at the Westchester Circuit.

The action was brought to recover damages for a personal injury suffered by the plaintiff while in the employ of the defendant, alleged to have been caused by the negligence and failure of the defendant to furnish the plaintiff with a safe place and safe appliances for the performance of the duties of her employment.

*James M. Hunt,* for the appellant.

*Joseph F. Daly,* for the respondent.

BARNARD, P. J. :

The plaintiff is a carpet-weaver. On the 18th of September, 1891, while weaving for the defendant a head came off from the end of a wire and the wire flew out and hit the plaintiff in her eye, from which blow she subsequently lost the use of the eye. A wire such as the one which caused the accident was liable to fly loose. There were spare wires prepared and it was the custom of the weaver to put them in when one was discovered to be bad. The proof does not show that a break in the wire is usually dangerous. The machine must be at once stopped so as to replace the broken wire, otherwise the weaving will be bad. It does not require a loom-fixer to put in a wire in the place of a broken wire. A loom-fixer usually went around twice a day. He is not proven to have omitted the inspection on the day of the accident. When the loom is in motion he can see a defect such as caused the accident, no better than the weaver. It was the plaintiff's duty to watch the fabric woven and to watch the wires, and if one broke to stop the loom and replace it with a good wire, which usually hung in front of the loom. The inspector usually did not put the wire into the loom, the weaver did. The inspector's duty was to examine the wires before using. There is no proof that the wires were not good. There is proof that wires will fly in spite of the greatest care, fly in an instant. The proof, therefore, fails to show any neglect upon the part of the master, and the rule that an employee takes the risks of the employment applies to her.

The judgment and order denying new trial should, therefore, be affirmed, with costs.

PRATT, J., concurred ; DYKMAN, J., not sitting.

Judgment and order denying new trial affirmed, with costs.